**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CRYSTAL A. FENTY-DEY EL,<br><br>*Plaintiff*,<br><br>v.<br><br>FIA CSNA,<br><br>*Defendant*. | Civil Action No. 17-3543 |
| CRYSTAL A. FENTY-DEY EL,<br><br>*Plaintiff*,<br><br>v.<br><br>CAVALRY PORTFOLIO SERVICES,<br><br>*Defendant*. | Civil Action No. 17-3544 |
| CRYSTAL A. FENTY-DEY EL,<br><br>*Plaintiff*,<br><br>v.<br><br>BCA FINANCIAL SERVICES,<br><br>*Defendant*. | Civil Action No. 17-3545 |

| CRYSTAL A. FENTY-DEY EL, | |
|---|---|
| *Plaintiff,* | |
| v. | Civil Action No. 17-3546 |
| ENHANCED RECOVERY, | **OPINION** |
| *Defendant.* | |

**John Michael Vazquez, U.S.D.J.**

Plaintiff seeks to bring four actions *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 1. Because the allegations in each of the four Complaints are the same, the Court addresses each case collectively.[1] For the reasons discussed below, the Court **GRANTS** Plaintiff's application to proceed *in forma pauperis* but the Complaints are **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failing to state a claim upon which relief can be granted. Specifically, Plaintiff fails to plausibly plead a claim in any of the Complaints.

Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Plaintiff sufficiently establishes her inability to pay, and the Court grants her application to proceed *in forma pauperis* without prepayment of fees and costs.

---

[1] Each case will be referred to by the last four digits of its docket number, *i.e.*, No. 3543, No. 3544, No. 3545, and No. 3546. The Complaints are identical in all respects except for the named Defendant in each case (and the date on which Plaintiff discovered the alleged violation). In No. 3543 the named Defendant is FIA CSNA. In No. 3544 the named Defendant is Cavalry Portfolio Services. In No. 3545 the named Defendant is BCA Financial Services. In No. 3546 the named Defendant is Enhanced Recovery.

However, when allowing a plaintiff to proceed *in forma pauperis*, the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2). When considering dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 Fed. App'x 120, 122 (3d Cir. 2012). To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010).

This case concerns allegations that each named Defendant in the separate cases accessed Plaintiff's consumer credit report "without a permissible purpose." Compl. ¶¶ 6-9. Plaintiff alleges that she determined that "her consumer credit report had been accessed on various occasions by various entities she did not recognize and without her consent." *Id.* ¶ 7. After examining her Transunion consumer credit report, Plaintiff alleges that she determined that "[each] Defendant []gained access [to] Plaintiff's Experian consumer credit report." *Id.* ¶ 8; No. 3544, Compl. ¶ 8; No. 3545, Compl. ¶ 8; No. 3546, Compl. ¶ 8. Plaintiff therefore brings her Complaint

3

pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681n, alleging that each respective Defendant violated this statute "by obtaining Plaintiff's consumer report without [a] permissible purpose." *Id.* ¶¶ 18(a), 23(a).

Section 1681n creates civil liability for any person who "willfully fails to comply" with the requirements imposed by the FCRA. 15 U.S.C. § 1681n(a). *Huertas v. U.S. Dep't of Educ.*, No. 08-3959, 2009 WL 3165442, at *9 (D.N.J. Sept. 28, 2009). One requirement imposed by the FCRA is that "a person is permitted to use or obtain a credit report only if the purpose for obtaining the report is permitted under the Act." *Id.* (citing 15 U.S.C. § 1681b). Thus, "[t]o state a claim for civil liability based on Section 1681b, a plaintiff must allege both that the defendant used or obtained the plaintiff's credit report for an impermissible purpose, and that the violation was willful or negligent." *Braun v. United Recovery Sys., LP*, 14 F. Supp. 3d 159, 166 (S.D.N.Y. 2014). In order to allege that a violation was "willful" or "negligent," courts require the complaint to "allege specific facts as to the defendant's mental state when the defendant accessed the plaintiff's credit report." *Id.* Thus, [m]erely stating that the violation was "willful" or "negligent" is insufficient. *Id.*; *see also Tauro v. Asset Acceptance,* No. 12–418, 2012 WL 2359954, at *5 (W.D.Pa. June 20, 2012) ("[T]he Plaintiff has not averred any facts from which the Court can infer that the Defendants knew, or should have known, that they did not intend to use the Plaintiff's credit report for a permissible purpose under the FCRA, all of which Plaintiff must do with provable facts in order to state a claim."); *Huertas*, 2009 WL 3165442, at *9 ("[A] plaintiff must allege, with sufficient factual support, that the defendant willfully obtained the plaintiff's credit report without having a purpose to review or collect on a debt. In other words, the complaint must allege facts sufficient to demonstrate that the defendant should have known either that it did not intend to use the credit

4

report in connection with a credit transaction involving the plaintiff or involving the collection of an account of the plaintiff.") (citations, internal quotation marks, and alterations omitted).

Here, Plaintiff's only allegation in each Complaint regarding each Defendant's mental state is that it "will[fully]" and "negligently violated 15 U.S.C. § 1681b(f) by obtaining Plaintiff's consumer report without permissible purpose." Compl. ¶¶ 18(a), 23(a). Plaintiff does not provide any factual support from which the Court could infer that each Defendant knew, or should have known, that it was accessing Plaintiff's credit report for an impermissible purpose. Therefore, Plaintiff fails to plausibly plead a violation of the FCRA and Plaintiff's Complaints are dismissed.

When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, which affords a plaintiff with leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). At this point, the Court cannot conclude that Plaintiff's claims are futile. Therefore, the Court shall provide Plaintiff thirty (30) days to file amended complaints that cures the deficiencies set forth herein, and in accordance with Local Civil Rule 15.1.[2] If Plaintiff does not submit amended complaints curing these deficiencies within thirty

---

[2] Effective May 10, 2017, Local Civil Rule 15.1 states, in part, that:

> A party who files an amended pleading in response to an Order authorizing the filing of that pleading to cure a defect in its pleading shall file:
>
> (1) a copy of the amended pleading, complete with a handwritten or electronic signature; and
> (2) a form of the amended pleading that shall indicate in what respect(s) it differs from the pleading that it amends, by

5

days, the dismissals will then be with prejudice. A dismissal with prejudice means that Plaintiff will be precluded from filing any future suit against any of the Defendants in any of the four complaints concerning the allegations in the respective complaint. An appropriate form of Order accompanies this Opinion.

Dated: May 23, 2017

                                                  JOHN MICHAEL VAZQUEZ, U.S.D.J.

---

        bracketing or striking through materials to be deleted and underlining materials to be added.